MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD, State Bar No. 119513
jbattenfeld@morganlewis.com
ALBERT Y. HUANG, State Bar No. 193005
ahuang@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

Attorneys for Defendant
TRANSCONTINENTAL DIRECT U.S.A. INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CV09-05469 MRP (RZx)**

STACI MARTIN,

               Plaintiff,

    vs.

TRANSCONTINENTAL DIRECT
U.S.A., INC., PACIFIC
COMMUNICATION CONCEPTS,
LLC dba TRANSCONTINENTAL
DIRECT U.S.A., INC. and DOES 1-
50, Inclusive,

               Defendants.

Case No. _____

**DEFENDANT
TRANSCONTINENTAL DIRECT
U.S.A. INC.'S NOTICE OF
REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
CALIFORNIA PURSUANT TO 28
U.S.C. §§ 1332, 1441, AND 1446**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21244814.2

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2   CENTRAL DISTRICT OF CALIFORNIA:

3      PLEASE TAKE NOTICE that Defendant Transcontinental Direct U.S.A.

4   Inc. ("Defendant"), by and through its counsel, removes the above-entitled action

5   from the Superior Court of the State of California for the County of Los Angeles to

6   this Court pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 based on the

7   following grounds:

8      1.   On June 19, 2009, Plaintiff Staci Martin ("Plaintiff") filed a civil

9   action in the Superior Court of the State of California for the County of Los

10  Angeles, entitled *Staci Martin v. Transcontinental Direct U.S.A., Inc., Pacific*

11  *Communication Concepts, LLC dba Transcontinental Direct U.S.A., Inc., and Does*

12  *1 to 50, Inclusive,* Case No. VC053851.  A true and correct copy of the Complaint

13  in this action is attached as Exhibit 1.

14     2.   The state court issued the Summons on June 19, 2009.  On June 26,

15  2009, in addition to the Complaint, the Summons, Civil Case Cover Sheet, Civil

16  Case Cover Sheet Addendum and Statement of Location, Notice of Case

17  Management Conference, Notice to Litigants Re: California Rules of Court, and

18  Alternative Dispute Resolution Information Package were served on Defendant

19  through its statutory agent.  True and correct copies of these documents served on

20  Defendant are attached as Exhibit 2.

21     3.   On July 27, 2009, Defendant filed an Answer to Plaintiff's Complaint

22  in the Superior Court of the State of California for the County of Los Angeles.  A

23  true and correct copy of Defendant's Answer is attached as Exhibit 3.

24     4.   No other process, pleadings, or orders have been filed, served, or

25  received by Defendant in this action.

26     5.   This Notice of Removal is timely filed pursuant to 28 U.S.C. Section

27  1446(b) in that it is filed within thirty (30) days of service of the Complaint.

28     6.   Venue is proper in the Central District of California pursuant to 28

1  U.S.C. Section 1441(a) because it embraces the state court, the Superior Court of

2  the State of California for the County of Los Angeles, where the removed action is

3  pending.

4  **I.   DIVERSITY JURISDICTION EXISTS**

5      7.    This action is one over which this Court has original jurisdiction under

6  28 U.S.C. Section 1332(a) (diversity jurisdiction) and is one which may be

7  removed by Defendant pursuant to 28 U.S.C. Section 1441. This is a civil action

8  where the amount in controversy exceeds the sum or value of $75,000.00, exclusive

9  of interest and costs, and is between citizens of different states.

10     8.    Plaintiff is, and was at the institution of this civil action and at all times

11 intervening, a citizen and resident of California. Exh. 1, ¶ 1.

12     9.    The citizenship of fictitiously named "Doe" defendants is disregarded

13 for removal purposes. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.,* 157

14 F.3d 686, 690-91 (9th Cir. 1998).

15     10.   Defendant "Pacific Communication Concepts, LLC dba

16 Transcontinental Direct U.S.A., Inc." does not exist as a business entity.

17     11.   For diversity purposes, a corporation is a citizen of (1) the state by

18 which it has been incorporated, and (2) the state where it has its "principal place of

19 business." 28 U.S.C. § 1332(c)(1); *Davis v. HSBC Bank Nevada, N.A.,* 557 F.3d

20 1026, 1028 (9th Cir. 2009).

21     12.   Defendant is, and was at the institution of this civil action and at all

22 times intervening, a corporation organized and existing under and by virtue of the

23 laws of the State of Delaware, with its principal place of business in Pennsylvania.

24 Defendant has its corporate headquarters in Warminster, Pennsylvania, and its

25 executive and administrative functions are located there. Further, the substantial

26 predominance of Defendant's business takes place in Pennsylvania where it has two

27 facilities, and a majority of Defendant's employees are located in Pennsylvania.

28 Defendant has one facility in California, and one facility in Texas.

13.    Thus, complete diversity exists because Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Pennsylvania.

## II.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14.    Based on Plaintiff's allegations, the amount in controversy exceeds the sum or value of $75,000.00, excluding interest and costs.  The Complaint does not allege a damages amount to any of the causes of action.  Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed the $75,000.00 threshold set forth in 28 U.S.C. Section 1332.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376-77 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-04 (9th Cir. 1996).  "Said burden is not 'daunting,' and courts recognize that, under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).  "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

15.    Plaintiff asserts the following claims arising from her employment with Defendant from 2004 to 2007 and the termination of that employment in December, 2007: (1) gender discrimination under the California Fair Employment and Housing Act ("FEHA"), (2) pregnancy disability discrimination under the FEHA, (3) failure to accommodate under the FEHA, (4) failure to engage in the interactive process under the FEHA, (5) retaliation under the FEHA, (6) breach of contract, (7) breach of the covenant of good faith and fair dealing, (8) wrongful termination in violation of public policy, and (9) intentional infliction of emotional distress.  *See* Exh. 1, ¶¶ 49-117.

16.    As a result of these claims alleged in the Complaint, Plaintiff seeks lost wages based on her alleged unlawful termination.  *See* Exh. 1, Prayer ¶ 1 ("General and compensatory damages including all lost wages . . . .").  Plaintiff alleges that

1    she last earned an annual salary of "$60,351.19 plus bonuses, medical benefits and

2    401k contributions" while employed with Defendant.  Exh. 1, ¶ 46.  Plaintiff seeks

3    back pay from the date of her purported termination on December 17, 2007 and

4    alleges that she "has been unable to find regular full-time employment with

5    comparable salary and benefits" since then.  *See* Exh. 1, ¶¶ 46, 54, 63, 72, 82, 92,

6    98, 102, 107, 116.  As such, Plaintiff's alleged back pay claim for the approximate

7    year and half since her termination amounts to around $90,526.78 (i.e. 1.5 times her

8    annual $60,351.19 annual salary) and, thus, alone exceeds the $75,000.00 amount

9    in controversy threshold.  Recovery on Plaintiff's claims for lost benefits would

10   potentially increase this amount.

11        17.    Plaintiff further claims damages for emotional distress.  *See* Exh. 1 , ¶¶

12   54, 63, 72, 82, 92, 102, 107, 116.  Specifically, Plaintiff alleges that she has

13   suffered "humiliation, isolation, embarrassment, tarnished reputation, [and]

14   emotional distress."  Exh. 1, ¶ 116.  Plaintiff also seeks an award of punitive

15   damages.  *See* Exh. 1, Prayer ¶ 8.  Finally, Plaintiff seeks an award of attorneys'

16   fees.  *See* Exh. 1, Prayer ¶ 5.  In determining whether the jurisdictional minimum is

17   met, courts consider all recoverable damages, including emotional distress

18   damages, punitive damages, and attorneys' fees.  *See, e.g., Hunt v. Washington*

19   *State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler*

20   *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F. 3d

21   1150, 1155-56 (9th Cir. 1998).

22        18.    Thus, while Defendant denies any and all liability to Plaintiff, the

23   amount placed in controversy by the foregoing damages allegations exceeds

24   $75,000.00, exclusive of interest and costs.

25   **IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN**

26   **SATISFIED**

27        19.    This Notice of Removal is timely filed pursuant to 28 U.S.C. Section

28   1446(b) in that it is filed within thirty (30) days of service of the Summons and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21244814.2                          4

1    Complaint.

2        20.    Venue is proper in the Central District of California pursuant to 28

3    U.S.C. Section 1441(a) because it embraces the state court, the Superior Court of

4    the State of California for the County of Los Angeles, where the removed action is

5    pending.

6        21.    Defendant will comply with 28 U.S.C. Section 1446(d) by promptly

7    giving Plaintiff notice of this removal and by promptly filing a copy of this Notice

8    of Removal with the clerk of the Superior Court of the State of California for the

9    County of Los Angeles.

10       22.    Defendant has sought no similar relief.

11       WHEREFORE, Defendant respectfully requests that this action be removed

12   from the Superior Court of the State of California for the County of Los Angeles to

13   the United States District Court for the Central District of California.

14   Dated:      July 27, 2009              MORGAN, LEWIS & BOCKIUS LLP
                                            JOHN S. BATTENFELD
15                                          ALBERT Y. HUANG

16

17                                         By  _____
18                                              Albert Y. Huang
                                                Attorneys for Defendant
19                                              TRANSCONTINENTAL DIRECT
                                                U.S.A. INC.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  LOS ANGELES

**EXHIBIT 1**

ORIGINAL FILED

JUN 19 2009

LOS ANGELES
SUPERIOR COURT

1  Katrina Anne Foley, Bar No. 184921
   Teal W. Anderson, Bar No. 243462
2  The Foley Group, PLC
   1600 Dove Street, Suite 101
3  Newport Beach, California 92660
   Telephone: (949) 502-8800
4  Facsimile: (949) 502-8801

5

6  Attorneys for Plaintiff
   STACI MARTIN

7

                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                   IN AND FOR THE COUNTY OF LOS ANGELES
                          SOUTHEAST DISTRICT
9                                                    VC053851

10                                    )   Case No.
                                      )              COMPLAINT
11  STACI MARTIN,                     )
                                      )   1.  DISCRIMINATION BASED ON
12       Plaintiff,                   )       GENDER (GOVT CODE §§ 12940
                                      )       ET SEQ);
13                                    )   2.  DISCRIMINATION BASED ON
                                      )       PREGNANCY DISABILITY
14  vs.                               )       (GOVT CODE §§ 12940, 12945  ET
                                      )       SEQ);
15                                    )   3.  DISCRIMINATION BASED ON
                                      )       FAILURE TO ACCOMMODATE
16  TRANSCONTINENTAL DIRECT U.S.A.,   )       PREGNANCY DISABILITY
    INC.; PACIFIC COMMUNICATION       )       (GOVT CODE §§12940, 12945 (B) );
17  CONCEPTS, LLC dba                 )   4.  DISCRIMINATION BASED ON
    TRANSCONTINENTAL DIRECT U.S.A.,   )       FAILURE TO ENGAGE IN THE
18  INC. and DOES 1-50, Inclusive.    )       INTERACTIVE PROCESS (GOVT
                                      )       CODE §§12940, 12945 (B));
19       Defendants.                  )   5.  RETALIATION IN VIOLATION
                                      )       OF PUBLIC POLICY;
20                                    )   6.  BREACH OF IMPLIED
                                      )       CONTRACT;
21                                    )   7.  BREACH OF COVENANT OF
                                      )       GOOD FAITH AND FAIR
22                                    )       DEALING;
                                      )   8.  WRONGFUL TERMINATION;
23                                    )   9.  INTENTIONAL INFLICTION OF
                                      )       EMOTIONAL DISTRESS;
24                                    )
                                      )
25                                    )
                                      )   DEMAND FOR JURY TRIAL
26                                    )
                                      )
27  _____)

28  ///

                                    1
                      COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1.     At all times material to this Complaint, Plaintiff Staci Martin (hereinafter "Martin") was a resident of the city of Long Beach, California, county of Los Angeles, California.

2.     Defendant Transcontinental Direct U.S.A., Inc. (hereinafter "TDI") is a California Corporation doing business in the city of Downey, California, county of Los Angeles, California.

3.     Defendant Pacific Communications Concepts LLC dba Transcontinental Direct U.S.A., Inc. (hereinafter "PCC" and collectively referred to with Defendant TDI as "Defendants") is a California doing business in the city of Downey, California, county of Los Angeles, California.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, including those designated herein as DOES 1 through 50, inclusive, are responsible in some manner for the occurrences and happenings, as well as such acts and omissions as are more fully alleged herein, and that Plaintiff's injuries, damages and losses, as alleged below, were and are the direct and proximate result of the actions or omissions of said Defendants.

5.     Does 1 through 50 are sued under the fictitious names pursuant to the Code of Civil Procedure section 474.  Plaintiff is informed and believes and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and employee of the other Defendants and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the other Defendants.

## FACTS COMMON TO ALL CLAIMS

6.     On or about December 12, 2004, Plaintiff Martin was hired by Defendants to work as an Account Manager.  Defendants heavily recruited Ms. Martin and induced her to leave a successful and stable account management position, by offering her a substantial salary increase and 401k benefits.

2

**COMPLAINT FOR DAMAGES**

7.      When Plaintiff began working for Defendants, she was one of approximately twenty-five (25) account managers that worked in Defendants' customer service department. Ms. Martin and the other account managers were assigned to various sales teams and were responsible for communicating with sales representatives and clients to coordinate the printing and mailing of direct advertisements.

8.      From the outset of her employment relationship with TDLA, Plaintiff Martin proved that she was an asset to the company and was praised for her professionalism and integrity. In addition, Ms. Martin demonstrated her leadership skills by volunteering to accept new clients and complex projects in addition to performing her own work duties. Defendants were so impressed with Ms. Martin's work ethic and job performance that she was assigned to Defendants' second largest sales account, Rauxa, during her first year of employment. As a result of the quantity and complexity of Rauxa's direct advertisement needs, Plaintiff was one of four (4) account managers who shared responsibility for managing the account.

9.      When Ms. Martin was assigned to the sales team, she was aware that Rauxa was an extremely difficult client to work with because it often submitted late materials and instructions on huge orders with rush deadlines. In fact, during Ms. Martin's first year of employment, Defendants had removed two (2) male account managers from the Rauxa account and assigned them to other accounts because the client complained about their work performance and requested their removal from the account.

10.     On or about December 21, 2005, Plaintiff Martin received her first performance review. The review was conducted by Ms. Martin's direct supervisor, Ms. Dana Paul, who praised Ms. Martin's job performance. In fact, Ms. Martin's performance review contained the following accolades:

- "Staci is *courteous and displays sensitivity* to internal and external customers."
- "Staci does a great job in handling difficult or emotional situations with tact and diplomacy."
- "Staci responds promptly to requests for service and assistance. She *assumes responsibility for her actions and outcome*."
- "Staci assumes responsibility on the API and Rauxa accounts. She exceeds the expectations of the client by providing well thought out solutions to the challenges that arise with these accounts." (emphasis added.)

3

**COMPLAINT FOR DAMAGES**

11.     In or about early 2006, Plaintiff Martin continued to excel at her position and exceed Rauxa's expectations by working holidays, weekends and nights in order to meet the client's arduous demands and rush deadlines. In addition, Ms. Martin took the initiative to implement the "Soft Proof" program which enabled her to more efficiently coordinate her projects by entering the data into computer software that was designed to process and proofread the data prior to printing and mailing.

12.     In or about December 2006, Defendants hired Mr. Andres Perez to manage the customer service department. Although Mr. Perez was technically Ms. Martin's direct supervisor, Ms. Dana Paul continued to act as Ms. Martin's direct supervisor until Mr. Perez became acclimated with the department.

13.     On or about December 21, 2006, Plaintiff Martin received her second performance review. Although Mr. Perez was her new manager, Ms. Dana Paul performed the review because Mr. Perez was so new to the job. Once again, Ms. Martin received an outstanding performance review and was praised for her excellent customer service. In fact, Ms. Paul stated that:

- "Staci did an *excellent job assuming leadership* on the Soft Proof program. Her dedication to the pilot of this new tool helped to ensure its success and the client was pleased."
- "Staci has utilized her newly developed print skills to successfully handle the front end and back end of new projects."
- "*Staci consistently receives compliments from the Rauxa Production team and the sales rep on her loyalty and commitment to the account.*" (emphasis added.)

14.     In or about early 2007, Plaintiff Martin began undergoing in-vitro fertilization treatments to become pregnant. Ms. Martin was thrilled at the prospect of starting a family and believed that Defendants would support her decision. Unfortunately, Ms. Martin was wrong and Defendants harassed, discriminated against and retaliated against Ms. Martin as a result of her pregnancy.

15.     Soon after Plaintiff Martin began her fertility treatments, she informed Mr. Perez that she was undergoing medical treatments and would require the reasonable accommodation of a more flexible work schedule that would allow her to periodically come in late or attend doctor appointments during the workday. Only after Ms. Martin assured Mr. Perez that she would come in early and stay late to make-up

1   for any time that she missed for her medical appointments, did he grudgingly agree to provide some

2   flexibility in her work schedule.

3       16.     After their meeting, Ms. Martin emailed Mr. Perez and inquired whether she needed to

4   provide Defendants with medical certification explaining the nature of her medical treatments and need for

5   accommodation. In response, Mr. Perez informed Ms. Martin that it was not necessary to provide any

6   documentation from her doctor regarding her medical treatments and caused her to believe that no further

7   action was required to inform Defendants of her need for accommodation.

8

9       17.     During this time, Ms. Martin informed one of her supervisors, Ms. Dana Paul, and a sales

10  representative, Ms. Terry Garcia, that she was trying to become pregnant and undergoing in-vitro

11  fertilization treatments. Ms. Martin was hesitant to inform Mr. Perez about her fertility treatments because

12  she feared he would treat her differently than her co-workers if he discovered that she was trying to become

13  pregnant.

14

15      18.     In or about May 2007, Mr. Perez conducted mid-year verbal performance reviews of the

16  employees in the customer service department. During Ms. Martin's review, Mr. Perez praised her job

17  performance, client relationships and project management skills. Based on the positive evaluation, Ms.

18  Martin believed that Defendants were pleased with her continued ability to effectively manage her

19  accounts, especially the notoriously difficult Rauxa account.

20

21      19.     In or about June 2007, Plaintiff Martin scheduled a meeting with Mr. Perez to request that

22  he remove her from the Rauxa account and assign her to a slower paced, less demanding account with more

23  reasonable hours. Ms. Martin requested the transfer because she did not want to jeopardize her

24  attempts to become pregnant by continuing to work on such a stressful and physically exhausting

25  account.

26

27      20.     Although Mr. Perez did not immediately transfer Plaintiff to another account, he informed

28  her about a prospective client, DMS, that Defendant anticipated would be opening an account in 2008. Mr.

Perez promised Ms. Martin that she would be eligible for a transfer to the DMS account as soon as it started generating more business, but that Defendants needed her to continue working on the Rauxa account until then. At no time during this meeting, or any other occasion, did Mr. Perez express any concern about Ms. Martin's management of the Rauxa account.

21. After meeting with Mr. Perez, Plaintiff Martin was informed that Defendants intended to assign Ms. Terry Garcia, sales representative, to the DMS account. Ms. Martin had been providing sales support to Ms. Garcia for several years on the Rauxa account and enjoyed a good working relationship with her. When Ms. Martin discovered that Ms. Garcia had been assigned to the DMS account, she took the initiative to contact Ms. Garcia and discuss her potential involvement with the DMS account. During their conversation, Ms. Garcia informed Ms. Martin that she would like to continue working with her and that she would support Ms. Martin's efforts to be transferred to the DMS account.

22. In or about October 2007, Ms. Martin attended an account team meeting and informed her colleagues that she had requested to be transferred from the Rauxa account. In addition, Ms. Martin informed Mr. Perez that she had discussed the DMS account with Ms. Garcia and received her support to become the new account manager.

23. In or about late October 2007, Plaintiff Martin attended a customer service department meeting led by Mr. Rich Barbee, then acting general manager. During the meeting, Mr. Barbee inquired whether the customer service department felt that Mr. Perez was, "doing a good job" and several employees expressed dissatisfaction with Mr. Perez' "follow through" and his customer service skills. In addition, Mr. Stephen Pressley, one of the two (2) male account managers who were previously removed from the Rauxa account at the client's request, expressed his belief that department morale had been down since Mr. Perez began managing the department. In response, Mr. Barbee informed the employees that he believed Mr. Perez was, "more production minded than customer service oriented."

6

COMPLAINT FOR DAMAGES

24.     After the employees voiced their concerns about Mr. Perez' management style, Mr. Barbee instructed the employees to always maintain a positive attitude and professional demeanor when dealing with clients. Mr. Barbee failed to provide the employees with any specific instances of unprofessional conduct and concluded the meeting by admonishing them for "sounding like a bunch of crybabies." when discussing the deficiencies they perceived in Mr. Perez' work performance. At no time during the meeting was Ms. Martin, or any other employee, singled out and accused of engaging in unprofessional conduct.

25.     In or about early November 2007, Plaintiff Martin complained to Mr. Perez that a Rauxa employee was sending hostile emails to Ms. Martin and her colleague. After Mr. Perez reviewed the emails, he failed to conduct any further investigation and merely told Ms. Martin that the Rauxa representatives were. "hard to work with" and that the Rauxa employee who sent the emails was a "bitch." Although Mr. Perez expressed his belief that the Rauxa employee was behaving unprofessionally, he never expressed any displeasure with Ms. Martin's email communications or her professional conduct.

26.     On or about November 12, 2007, Plaintiff Martin was working on a Rauxa project that the client expected to be completed by the end of the week. In order to meet the deadline, Rauxa had agreed to provide Ms. Martin with eight (8) pre-approved advertisements that day so that Defendants could begin processing the material for printing and distribution. Despite Rauxa's assurances that it would adhere to the agreed upon pre-production deadline, she was only given one (1) advertisement.

27.     After spending the entire morning trying to contact a Rauxa representative to explain that all eight (8) advertisements must be submitted together in order to meet the deadline, she finally reached a Rauxa representative who became irate with Ms. Martin and demanded that she process the order by the close of the next business day. In order to accommodate the client's needs, Ms. Martin immediately contacted Defendants' computer programmer and requested that he create a new data file for just one (1) advertisement. The computer programmer denied Ms. Martin's request and informed her that he could not create a new file until the following week.

COMPLAINT FOR DAMAGES

28.     As she had always done on the Rauxa account, Ms. Martin continued to diligently search for a solution to the client's problem and contacted Mr. Perez to discuss what could be done to guarantee that Rauxa's deadline was met. During their conversation, Mr. Perez assured Ms. Martin that he would instruct the computer programmer to do whatever was necessary to complete the new data file and process the order pursuant to the client's demand.   Prior to ending the conversation, Mr. Perez requested that Ms. Martin forward him the emails between her and the Rauxa representative before she left work for the day. Although Ms. Martin promptly responded to his request, Mr. Perez never contacted her to discuss any perceived deficiencies in her client communications.

29.     On or about November 19, 2007, Plaintiff Martin attended her regularly scheduled doctor's appointment and was informed by her doctor that she was pregnant. After months of undergoing emotionally and physically exhausting fertility treatments, Ms. Martin was elated by the news that she was finally pregnant. Despite the fact that Ms. Martin had not been transferred from the Rauxa account to a less demanding account as promised, she still intended to work for Defendants until her doctor placed her on maternity leave.

30.     In or about late November, Plaintiff Martin began experiencing severe morning sickness that caused her to vomit multiple times throughout the day. When Ms. Martin asked her doctor when she could expect the morning sickness to subside, he informed her that it would most likely continue throughout the duration of her pregnancy.

31.     On or about December 10, 2007, Plaintiff Martin arrived at work a few hours later than normal because of her morning sickness. Based on her doctor's diagnosis that she would continue to experience morning sickness, Ms. Martin decided to inform Mr. Perez that she was pregnant and that her work schedule may need to be altered to accommodate her pregnancy.

32.     Despite Mr. Perez' awareness that Plaintiff was pregnant and suffering from debilitating morning sickness, he still failed to transfer Plaintiff to a less physically exhausting and emotionally draining

**COMPLAINT FOR DAMAGES**

account than Rauxa.

33.     On or about December 12th and 13th, 2007, Plaintiff Martin was forced to call in sick because of the severity of her morning sickness.

34.     On or about December 14, 2007, Plaintiff Martin returned to work and informed her sales team that she was pregnant. Although Plaintiff had informed Mr. Perez of her pregnancy several days prior, she also wanted to share the wonderful news with her co-workers and peers.

35.     On or about December 17, 2007, Ms. Martin arrived at work and was called into the Human Resources ("HR") department by Defendants' HR manager. Ms. Martin believed that HR wanted to discuss her pregnancy and whether she would require any reasonable accommodations. When Ms. Martin entered the office she was surprised to discover that Mr. Perez was also in attendance. After everyone sat down, Defendants' HR manager bluntly informed Ms. Martin that she was being terminated.

36.     After being informed that Defendants had decided to terminate her employment, Plaintiff Martin was in state of shock. Ms. Martin could not understand why she was being terminated when she had always received excellent performance reviews and had never been formally or informally reprimanded for any work related issue.

37.     During the meeting, Mr. Perez informed Plaintiff Martin that she was being terminated because a Rauxa representative complained that she had behaved "unprofessionally" when handling the last minute printing issue that had occurred one month prior in November. However, when Ms. Martin asked for specific examples of her allegedly unprofessional behavior, Mr. Perez could not even come up with one specific example of unprofessional conduct.

38.     Mr. Perez' inability to provide any further details regarding Defendants' abrupt decision to terminate her employment caused Plaintiff Martin to believe that the actual reason for her termination was motivated by her recent pregnancy and request for accommodation. Ms. Martin felt that it was more than just a coincidence that she was terminated in December for an incident that had allegedly occurred in

November just four (4) business days after she informed Defendants of her pregnancy. Prior to her termination, Ms. Martin's professional conduct had never been an issue and she believed that the type of egregious behavior that would merit termination would have been addressed immediately rather than one month after the fact.

39.     After Plaintiff Martin was terminated, she was instructed to pack up her belongings and exit the premises. On Ms. Martin's way out of the building, she stopped at Defendants' Human Resources ("HR") office. Ms. Martin informed the HR manager that she felt the actual reason for her termination was discriminatory and that she believed her pregnancy caused Mr. Perez to retaliate against her and ultimately terminate her employment. Ms. Martin also told the HR manager that she was aware of at least two (2) male account managers that were removed from the account at Rauxa's request, but that they were assigned to other accounts rather than terminated. The HR manager failed to adequately address Ms. Martin's complaints or offer any legitimate non-discriminatory reason for her termination.

40.     When Plaintiff Martin recovered from the shock of her unjust and unwarranted termination, she reviewed Defendants' policies and procedures regarding employee discipline. Ms. Martin's belief that her termination was motivated by her pregnancy, not her alleged performance issues, was confirmed when she read the following progressive discipline policy:

- "A first offense may call for a verbal warning;"
- "A next offense may be followed by a written warning;"
- "Another another offense may lead to suspension; and;"
- "Another offense may lead to termination of employment." (A true and correct copy of Defendants' Progressive Discipline Policy is attached hereto as Ex. L.)

41.     Throughout the duration of Plaintiff Martin's three (3) year employment relationship with Defendants, she was never subjected to any of the progressive discipline steps outlined in Defendants' employee handbook and was never aware that she had any performance issues. Ms. Martin believed that if she had not disclosed her pregnancy, she would have been assigned to another account, like the male account managers who were removed from the Rauxa account at the client's request, rather than terminated.

COMPLAINT FOR DAMAGES

42.     The unjust and discriminatory termination caused Plaintiff Martin to immediately suffer from a tremendous amount of stress and anxiety. Ms. Martin's heightened stress and anxiety levels caused her to experience sleeplessness and abnormal vaginal bleeding. Fearing for the safety of her unborn baby, Ms. Martin immediately scheduled an appointment with her doctor.

43.     During Plaintiff Martin's examination, she informed her medical care provider that she had recently been terminated and was experiencing an extreme amount of stress and anxiety. Plaintiff's medical provider confirmed that her stress was the primary cause of her vaginal bleeding and prescribed bed rest in order to reduce the harmful physical and emotional effects caused by Defendants' unjust and discriminatory termination and lessen Plaintiff's chances of suffering a miscarriage.

44.     In addition, the examination revealed that Ms. Martin was pregnant with twins. Instead of feeling overjoyed by the exciting news that she was having twins, Ms. Martin was petrified that she was at high risk of losing her babies and overwhelmed at the prospect of being unemployed and finding the means to provide for two (2) infants.

45.     Defendants' unjustified and discriminatory termination of Plaintiff Martin caused her to sustain significant economic damages as well as severe emotional and physical distress. Not only was Ms. Martin terminated just days after informing Defendants she was pregnant, but she was also terminated just eleven (11) days before the Christmas holiday. Instead of enjoying the holiday season and the joy of becoming pregnant after enduring nearly a year of unsuccessful fertility treatments, Ms. Martin spent her holidays fearing that the stress caused by Defendants' discriminatory and retaliatory termination of her employment might result in the miscarriage of her babies.

46.     At the time of Plaintiff Martin's termination, she was earning an annual salary of $60,351.19 plus bonuses, medical benefits and 401k contributions. To date, Plaintiff has been unable to find regular full-time employment with comparable salary and benefits.

COMPLAINT FOR DAMAGES

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

47.     On or about June 9, 2008, Plaintiff Martin filed a complaint with the Department of Fair Employment and Housing (DFEH) based on harassment, discrimination, retaliation, failure to accommodate a physical disability and denial of pregnancy leave against Defendant TDI.

48.     On June 19, 2008, Plaintiff Martin was issued a "Right to Sue" notice from the DFEH, against Defendant TDI, thereby exhausting the administrative requirements necessary to proceed with this lawsuit. (A true and correct copy of Plaintiff's Right to Sue Notice is attached hereto as Ex. 2.)

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON GENDER

## [GOVT CODE §§ 12940 ET SEQ]

### (Against Defendants TDI, PCC and DOES 1-50)

49.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

50.     At all times herein mentioned, the Fair Employment and Housing Act, "FEHA," embodied in Government Code § 12940 was in full force and effect.  This act prohibits discrimination, harassment, and retaliation based on gender, as well as on other grounds.

51.     Plaintiff believes and thereon alleges that Defendants TDI and PCC were qualified employers subject to the requirements of FEHA.

52.     Plaintiff further believes and thereon alleges that Defendants discriminated against her on the basis of her gender, as she is female, by treating her differently than her male co-workers and peers. Defendants discriminated against Plaintiff by refusing to allow her to transfer from the Rauxa account to a less demanding account that required less overtime and holiday hours, despite the fact that Plaintiff was eligible for transfer to the DMS account; forcing Plaintiff to work early morning and late evening hours to make-up for any time she missed while undergoing in-vitro fertilization treatments; refusing to

COMPLAINT FOR DAMAGES

accommodate Plaintiff's reasonable request for a transfer to a less stressful account; failing to investigate Plaintiff's complaint that she was receiving hostile emails from a Rauxa employee and instead telling Plaintiff that the Rauxa account was just "hard to work with" and the employee was a "bitch"; singling out Plaintiff and accusing her of engaging in "unprofessional conduct" based on the unsubstantiated allegations of a Rauxa employee; terminating Plaintiff's employment because Rauxa allegedly requested her removal from the account, but allowing other, male, managers to transfer to different accounts after being removed from the Rauxa account; terminating Plaintiff's employment for an alleged performance issue despite the fact that Plaintiff had never been subjected to any of the progressive discipline steps outlined in Defendants' employee handbook and had always received exceptional performance reviews, and; terminating Plaintiff's employment just four (4) business days after she formally announced her pregnancy.

53.     Plaintiff believes and thereon alleges that any claims of misconduct or performance issues as Defendants' basis for termination are pretextual and meant to disguise the discriminatory reasons for her termination.

54.     As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional and physical distress in an amount unknown, but according to proof at trial.

55.     Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her FEHA claims against Defendants.  Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

56.     Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct in the future.

COMPLAINT FOR D...

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED ON PREGNANCY DISABILITY

### [GOVT CODE §§ 12940, 12945 ET SEQ]

(Against Defendants TDI, PCC and DOES 1-50)

57.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

58.     At all times herein mentioned, the Fair Employment and Housing Act, "FEHA," embodied in Government Code § 12940 was in full force and effect.  This act prohibits discrimination, harassment, and retaliation based on physical disability, as well as on other grounds.

59.     At all times herein mentioned, the Fair Employment and Housing Act, "FEHA" embodied in Government Code § 12945 was in full force and effect.  This act prohibits discrimination based on pregnancy.

60.     Plaintiff believes and thereon alleges that Defendants TDI and PCC were qualified employers subject to the requirements of FEHA.

61.     Plaintiff further believes and thereon alleges that Defendants discriminated against her on the basis of her gender, as she is female, by treating her differently than her male co-workers and peers. Defendants discriminated against Plaintiff by refusing to allow her to transfer from the Rauxa account to a less demanding account that required less overtime and holiday hours, despite the fact that Plaintiff was eligible for transfer to the DMS account; forcing Plaintiff to work early morning and late evening hours to make-up for any time she missed while undergoing in-vitro fertilization treatments; refusing to accommodate Plaintiff's reasonable accommodation request for a transfer to a less stressful account; failing to investigate Plaintiff's complaint that she was receiving hostile emails from a Rauxa employee and instead telling Plaintiff that the Rauxa account was just "hard to work with" and the employee was a "bitch";

singling out Plaintiff and accusing her of engaging in "unprofessional conduct" based on the unsubstantiated allegations of a Rauxa employee; terminating Plaintiff's employment because Rauxa allegedly requested her removal from the account, but allowing other, male, managers to transfer to different accounts after being removed from the Rauxa account; terminating Plaintiff's employment for an alleged performance issue despite the fact that Plaintiff had never been subjected to any of the progressive discipline steps outlined in Defendants' employee handbook and had always received exceptional performance reviews; and; terminating Plaintiff's employment just four (4) business days after she formally announced her pregnancy.

62.    Plaintiff believes and thereon alleges that any claims of misconduct or performance issues as Defendants' basis for termination are pretextual and meant to disguise the discriminatory reasons for her termination.

63.    As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional and physical distress in an amount unknown, but according to proof at trial.

64.    Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her FEHA claims against Defendants. Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

65.    Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct in the future.

///

///

**COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION

## DISCRIMINATION BASED ON FAILURE TO ACCOMMODATE

## PREGNANCY DISABILITY

## [GOVT CODE §§ 12940, 12945 (B)]

(Against Defendants TDI, PCC and DOES 1-50)

66.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

67.     At all times herein mentioned, the Fair Employment and Housing Act, "FEHA," embodied in Government Code § 12940 was in full force and effect.  This act prohibits discrimination, harassment, and retaliation based on physical disability, as well as on other grounds.

68.     At all times herein mentioned, the Fair Employment and Housing Act, "FEHA" embodied in Government Code § 12945 was in full force and effect.  This act prohibits discrimination based on pregnancy.

69.     Plaintiff believes and thereon alleges that Defendants TDI and PCC were qualified employers subject to the requirements of FEHA.

70.     Plaintiff was a qualified employee able to do the essential functions of her position with reasonable accommodation for her pregnancy related disability.

71.     Plaintiff believes and thereon alleges that Defendants discriminated against her on the basis of her physical disability by refusing to allow her to transfer from the Rauxa account to a less demanding account that required less overtime and holiday hours, despite the fact that Plaintiff told her supervisor that she was undergoing medical treatments and required this reasonable accommodation for her disability and was eligible for transfer to the DMS account; forcing Plaintiff to work early morning and late evening hours to make-up for any time she missed while undergoing in-vitro fertilization treatments; refusing to

16

COMPLAINT FOR DAMAGES

accommodate Plaintiff's reasonable accommodation request for transfer to a less stressful account; failing to investigate Plaintiff's complaint that she was receiving hostile emails from a Rauxa employee and instead telling Plaintiff that the Rauxa account was just "hard to work with" and the employee was a "bitch"; singling out Plaintiff and accusing her of engaging in "unprofessional conduct" based on the unsubstantiated allegations of a Rauxa employee; terminating Plaintiff's employment because Rauxa allegedly requested her removal from the account, but allowing other, male, managers to transfer to different accounts after being removed from the Rauxa account; terminating Plaintiff's employment for an alleged performance issue despite the fact that Plaintiff had never been subjected to any of the progressive discipline steps outlined in Defendants' employee handbook and had always received exceptional performance reviews; and; terminating Plaintiff's employment just four (4) business days after she formally announced her pregnancy.

72.     As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional and physical distress in an amount unknown, but according to proof at trial.

73.     Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her FEHA claims against Defendants. Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

74.     Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct in the future.

///

///

**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

## DISCRIMINATION BASED ON FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

## [GOVT CODE §§ 12940(N), 12945 (B)]

### (Against Defendant TDI, PCC and DOES 1-50)

75.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

76.     At all times herein mentioned, the Fair Employment and Housing Act, "FEHA," embodied in Government Code § 12940 was in full force and effect. This act prohibits discrimination, harassment, and retaliation based on race, gender, and disability, as well as on other grounds. Section (n) of the FEHA requires employers to engage in an interactive process with a disabled employee to determine a reasonable accommodation.

77.     At all times herein mentioned, the Fair Employment and Housing Act, "FEHA" embodied in Government Code § 12945 was in full force and effect. This act prohibits discrimination based on pregnancy. Government Code § 12945 (b) requires employers to engage in an interactive process with a pregnant employee to determine reasonable accommodation.

78.     Plaintiff believes and thereon alleges that Defendants TDI and PCC are qualified employers subject to the requirements of FEHA.

79.     Plaintiff was a qualified employee able to do the essential functions of her position with reasonable accommodation.

80.     Instead of complying with its obligation to engage in the interactive process to determine a reasonable accommodation that would allow Plaintiff to continue working while undergoing in-vitro fertilization treatments and after she became pregnant, Defendants arbitrarily terminated her employment just four (4) days after she formally announced her pregnancy.

81.     Plaintiff believes and thereon alleges that Defendants discriminated against her on the basis of her physical disability by failing to engage in any interactive process to determine a reasonable accommodation for her disability, and instead, terminating her employment on or about December 17, 2008.  This ultimate act of discrimination ended Plaintiff's employment after three (3) years of outstanding and diligent performance to the benefit of Defendants.

82.     As a direct and proximate cause of the discrimination, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional and physical distress in an amount unknown, but according to proof at trial.

83.     Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her FEHA claims against Defendants.  Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

84.     Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct in the future.


### FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF PUBLIC POLICY

(Against Defendants TPI, PCC and DOES 1-50)

85.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

86.     It is the public policy of the State of California to prohibit discrimination and retaliation in the   workplace.  The public policies are embodied in and tethered to various State and Federal

19

**COMPLAINT FOR DAMAGES**

1    Constitutional provisions, statutes, regulations, policies, and case law.

2         87.    At all times relevant to this matter, California Constitution Article I, Section 8 was in full

3    force and effect and binding on Defendants.  This Constitutional provision embodies fundamental,

4    substantial, and well-established public policies of the State of California that prohibit employers from

5    discriminating against employees and from allowing harassment and retaliation in violation of fundamental

6    policies, beneficial to the public, and embodied in a statute, administrative regulation, or constitutional

7    provision.

8

9         88.    In addition, the Fair Employment and Housing Act, "FEHA," embodied in Government

10   Code §§ 12940, 12945 were in full force and effect, prohibiting retaliation based on gender and pregnancy

11   disability, as well as on other grounds.

12

13        89.    Plaintiff believes that Defendants retaliated against her because she was undergoing in-vitro

14   fertilizations to become pregnant and further retaliated against her after she became pregnant by arbitrarily

15   terminating her employment.  The retaliatory acts included refusing to allow her to transfer from the Rauxa

16   account to a less demanding account that required less overtime and holiday hours, despite the fact that

17   Plaintiff told her supervisor that she was undergoing medical treatments and required this reasonable

18   accommodation for her disability and was eligible for transfer to the DMS account; forcing Plaintiff to work

19   early morning and late evening hours to make-up for any time she missed while undergoing in-vitro

20   fertilization treatments; refusing to accommodate Plaintiff's reasonable request for transfer to a less stressful

21   account; failing to investigate Plaintiff's complaint that she was receiving hostile emails from a Rauxa

22   employee and instead telling Plaintiff that the Rauxa account was just "hard to work with" and the

23   employee was a "bitch"; singling out Plaintiff and accusing her of engaging in "unprofessional conduct"

24   based on the unsubstantiated allegations of a Rauxa employee; terminating Plaintiff's employment because

25   Rauxa allegedly requested her removal from the account, but allowing other, male, managers to transfer to

26   different accounts after being removed from the Rauxa account; terminating Plaintiff's employment for an

27

28

**COMPLAINT FOR DAMAGES**

1   alleged performance issue despite the fact that Plaintiff had never been subjected to any of the progressive

2   discipline steps outlined in Defendants' employee handbook and had always received exceptional

3   performance reviews. and; terminating Plaintiff's employment just four (4) business days after she formally

4   announced her pregnancy.

5          90.    As a result of the retaliatory acts, Plaintiff developed stress, anxiety, sleeplessness and

6   vaginal bleeding that put her at risk for a miscarriage.

7          91.    Plaintiff believes and thereon alleges that any claims of misconduct or performance issues as

8

9   Defendants' basis for termination are pretextual and meant to disguise the retaliatory reasons for her

10  termination.

11         92.    As a direct and proximate cause of the retaliation. Plaintiff has suffered and continues to

12  suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages

13

14  and benefits, and emotional and physical distress in an amount unknown, but according to proof at trial.

15         93.    Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these

16  violations.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her

17  claims against Defendants.  Plaintiff is presently unaware of the precise amount of these expenses and fees,

18  but seeks an award of attorneys' fees and costs according to proof at trial.

19

20         94.    Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional,

21  and in conscious disregard for Plaintiff's rights and safety, Plaintiff seeks an award of punitive and

22  exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct

23  in the future.

24  ///

25  ///

26  ///

27  ///

28

**COMPLAINT FOR DAMAGES**

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

(Against Defendants TDI, PCC and DOES 1-50, Inclusive)

95.     Plaintiff incorporates herein by reference each and every previous and subsequent allegation as though fully set forth herein.

96.     On or about December 12, 2004, Defendant TDI and PCC hired Plaintiff to work as an Account Manager. The employment agreement was governed by Defendants' employment policies and procedures and employee handbook. Pursuant to the terms of the employment agreement, all employees were subject to the following progressive discipline policy:

- "A first offense may call for a verbal warning;"
- "A next offense may be followed by a written warning;"
- "Another another offense may lead to suspension, and;"
- "Another offense may lead to termination of employment." (A true and correct copy of Defendants' Progressive Discipline Policy is attached hereto as Ex. 1.)

97.     On or about December 17, 2008, Defendants breached Plaintiff's employment agreement by terminating her employment based on an unsubstantiated allegation by a Rauxa employee that Plaintiff had behaved in an unprofessional manner. Prior to her termination, Plaintiff had never received any verbal warnings, written warning or suspensions for any alleged misconduct and, in fact, had only received outstanding performance reviews and positive comments work performance, client communications and account management.

98.     As a direct and proximate cause of the breach, Plaintiff suffered and continues to suffer general, compensatory, and special damages, including past and future wages, in an amount unknown, but according to proof at trial.

///

///

## SEVENTH CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Defendants TDI, PCC and DOES 1-50)

99.     Plaintiff refers to and incorporates by reference herein each and every allegation contained in all preceding and subsequent paragraphs.

100.    The employment agreement has an implied-in-law covenant of good faith and fair dealing. Defendants covenanted to give full cooperation to Plaintiff in her performance under the employment agreement, and that Defendants would refrain from any act that would prevent or impede any of the conditions of the employment contract from being performed.

101.    Defendants breached the covenant of good faith and fair dealing in the employment agreement with Plaintiff by terminating her employment without notice and contrary to Defendants' own policies and procedures regarding progressive discipline of employee misconduct.

102.    As a proximate result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer substantial losses in earnings, retirement benefits, and other employment benefits which she would have received had Defendants not violated the covenant of good faith and fair dealing.  Plaintiff has also suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount not yet ascertained, but according to proof at trial.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendants TDI, PCC and DOES 1-50)

103.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above as if fully set forth herein.

23

**COMPLAINT FOR DAMAGES**

104.    It is the public policy of the State of California to prohibit wrongful termination in the workplace.  This public policy is embodied in and tethered to various State and Federal Constitutional provisions, statutes, regulations, policies, and case law.

105.    At all times relevant to this matter, California Constitution Article I, Section 8 was in full force and effect and binding on Defendants.  This Constitutional provision embodies fundamental, substantial, and well-established public policies of the State of California that prohibit employers from wrongfully terminating employees in violation of fundamental policies, beneficial to the public, and embodied in a statute, administrative regulation, or constitutional provision.

106.    In addition, the Fair Employment and Housing Act, "FEHA," embodied in Government Code §§12940 and 12945 was in full force and effect, prohibiting discrimination and retaliation based on gender and pregnancy as well as on other grounds.

107.    As a direct and proximate cause of the wrongful termination, as described above, Plaintiff has suffered and continues to suffer general, compensatory, and special damages, including lost wages and benefits, future loss of wages and benefits, and emotional and physical distress in an amount unknown, but according to proof at trial.

108.    Moreover, Plaintiff is entitled to attorneys' fees and costs for bringing suit alleging these violations.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees as a result of her claims against Defendants.  Plaintiff is presently unaware of the precise amount of these expenses and fees, but seeks an award of attorneys' fees and costs according to proof at trial.

109.    Based on Defendants' course of conduct, which was willful, malicious, knowing, intentional, and in conscious disregard for Plaintiff's rights, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof at trial to punish Defendants and deter similar conduct in the future.

///

**COMPLAINT FOR DAMAGES**

## NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants TDI, PCC and DOES 1-50)

110.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in paragraphs.

111.     In perpetuating the harassment against Plaintiff Martin and other offensive conduct described herein, Defendants TDI and PCC abused the special positions of employer of Plaintiff. Defendants acted with the knowledge that they could manipulate and damage Plaintiff's interest and well-being.

112.     Defendants intended to, and did cause Plaintiff to suffer from emotional distress by discriminated against Plaintiff on the basis of her pregnancy and refusing to allow her to transfer from the Rauxa account to a less demanding account that required less overtime and holiday hours, despite the fact that Plaintiff told her supervisor that she was undergoing medical treatments and required this reasonable accommodation for her disability and was eligible for transfer to the DMS account; forcing Plaintiff to work early morning and late evening hours to make-up for any time she missed while undergoing in-vitro fertilization treatments; failing to investigate Plaintiff's complaint that she was receiving hostile emails from a Rauxa employee and instead telling Plaintiff that the Rauxa account was just "hard to work with" and the employee was a "bitch"; singling out Plaintiff and accusing her of engaging in "unprofessional conduct" based on the unsubstantiated allegations of a Rauxa employee; terminating Plaintiff's employment because Rauxa allegedly requested her removal from the account, but allowing other, male, managers to transfer to different accounts after being removed from the Rauxa account; terminating Plaintiff's employment for an alleged performance issue despite the fact that Plaintiff had never been subjected to any of the progressive discipline steps outlined in Defendants' employee handbook and had always received exceptional performance reviews; and; terminating Plaintiff's employment just four (4) business days after she formally announced her pregnancy.

25

**COMPLAINT FOR DAMAGES**

113.    Through Defendants' outrageous and unprivileged conduct as described herein and above,

114.    commencing in or about February 2007 and continuing through in or about February

December, Defendants acted with the intent to cause, or with a reckless disregard for the probability of

causing, Plaintiff to suffer humiliation, isolation, mental anguish, loss of job opportunities and reputation,

and severe physical and emotional distress.  To the extent that said certain agent of Defendants perpetrated

discriminatory and retaliatory conduct, Defendants authorized and ratified the conduct with the knowledge

that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless

disregard of the deleterious consequences to Plaintiff.

115.    As a direct and proximate result of Defendants' acts, Plaintiff suffered and continues to

suffer general,

116.    compensatory, and special damages, including lost wages and benefits, future loss of wages

and benefits, loss of career opportunities, prejudgment interest, consequential and incidental damages, plus

tort damages including humiliation, isolation, embarrassment, tarnished reputation, emotional distress and

physical injuries in an amount unknown, but according to proof at trial.

117.    The above-recited actions of Defendants was done with intent, malice, fraud, or oppression,

and in reckless disregard of the Plaintiff's rights under public policies of the State of California, and anti-

retaliation statutes embodied in California Government Code Sections 12940 et seq. and 12945, Plaintiff is

thus entitled to and seeks punitive and exemplary damages from Defendants in an amount according to

proof at trial.  Plaintiff is further entitled to pre-judgment interest at the legal prevailing rate.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.    General and compensatory damages including all lost wages, in a sum according to proof at

time of trial;

2.    Consequential and incidental damages in a sum according to proof at time of trial;

3.    Damages for mental and emotional distress in a sum according to proof at time of trial;

4.   General and special damages in a sum according to proof at time of trial;

5.   Payment of Plaintiff's reasonable and actual attorney fees in a sum according to proof at time of trial;

6.   For costs of suit herein incurred;

7.   Pre-judgment interest at the legal prevailing rate;

8.   Punitive and exemplary damages in a sum according to proof at time of trial; and

For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff hereby demands trial by jury in this action.

Dated:                                THE FOLEY GROUP, PLC


                            By   _____
                                 Katrina Anne Foley
                                 Teal W. Anderson
                                 Attorneys for Plaintiff
                                 STACI MARTIN

**COMPLAINT FOR DAMAGES**

4. General and special damages in a sum according to proof at time of trial;

5. Payment of Plaintiff's reasonable and actual attorney fees in a sum according to proof at time of trial;

6. For costs of suit herein incurred;

7. Pre-judgment interest at the legal prevailing rate;

8. Punitive and exemplary damages in a sum according to proof at time of trial; and

For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff hereby demands trial by jury in this action.

Dated: 6/18/09

THE FOLEY GROUP, PLC

By

Katrina Anne Foley
Teal W. Anderson
Attorneys for Plaintiff
STACI MARTIN

27

Exhibit 1

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES A                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
611 West Sixth Street, Suite 1500 ,Los Angeles, CA  90017
(213) 439-6799 (800) 700-2320 Fax (213) 892-6494



June 19, 2008


Katrina Anne Foley
Attorney
Lents and Foley, LLP
1600 Dove St., #101
Newport Beach, CA 92660

RE:   E200708S1726-00-psc
       <u>MARTIN/TRANSCONTINENTAL DIRECT LOS ANGELES</u>

Dear Katrina Anne Foley:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 9, 2008 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Lottie Woodruff*

Lottie Woodruff
District Administrator


cc:    Case File




Human Resources Manager
TRANSCONTINENTAL DIRECT LOS ANGELES
7300 Flores St.
Downey, CA  90242-4010

# EMPLOYMENT ***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200708-S-1726-W-PSC

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Staci Martin

TELEPHONE NUMBER (INCLUDE AREA CODE)
(949) 756-5258

ADDRESS
c/of LENTS & FOLEY, LLP, 1600 Dove Street, Suite 101

CITY/STATE/ZIP
Newport Beach, CA 92660

COUNTY
Orange

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Transcontinental Direct Los Angeles

TELEPHONE NUMBER (include Area Code)
(562) 658-2020

DFEH USE ONLY

ADDRESS
7300 Flores Street

CITY/STATE/ZIP
Downey, California 90242-4010

COUNTY
Los Angeles

COUNTY CODE

RESPONDENT CODE

NO. OF EMPLOYEES/MEMBERS (if known)
300

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   December 17, 2007

THE PARTICULARS ARE:
On _____ December 17, 2007 _____ I was

- X fired
- laid off
- X demoted
- X harassed
- genetic characteristics testing
- forced to quit

- denied employment
- denied promotion
- X denied transfer
- denied accommodation
- X impermissible pregnancy-related inquiry
- X other (specify): ___

- denied family or medical leave
- X denied pregnancy leave
- denied equal pay
- denied right to wear pants
- denied pregnancy accommodation

Discrimination and retaliation.

by Mr. Andres Perez
Name of Person

Manager of Customer Service
Job Title (supervisor/manager/personnel director/etc.)

because of my:
- X sex
- age
- religion
- race/color

- national origin/ancestry
- marital status
- sexual orientation
- association

- X physical disability
- mental disability
- other (specify): ___

- cancer
- genetic characteristic

(Circle one) filing;
Protesting; participating in investigation (retaliation for)

the reason given by   Mr. Andres Perez, Manager
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]

Ms. Martin was denied accommodation, discriminated against, and harassed because of her pregnancy disability. The Ms. Martin was terminated from her position just one week after informing Mr. Perez that she was pregnant. The stated reason for Ms. Martin's termination was that a customer had complained that she was being "unprofessional." When Ms. Martin inquired about specific examples of her "unprofessional behavior," Mr. Perez had no detailed information regarding the alleged customer complaint. Ms. Martin was aware that Transcontinental Direct Los Angeles violated its progressive discipline policy that required a verbal or written warning be given prior to termination. Ms. Martin believes that her termination was motivated by gender and pregnancy discriminatory reasons

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   05/10/08

At   Long Beach
City

*[signature]*
COMPLAINANT'S SIGNATURE

RECEIVED

DATE FILED:   6/9/08

Department of Fair Employment and Housing

DFEH-300-03 (01/05)

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s).

YOUR RACE/ETHNICITY (Check one)
___ African-American
___ African - Other
___ Asian/Pacific Islander (specify)_____
_X_ Caucasian (Non-Hispanic)
___ Native American
___ Hispanic(specify)_____

YOUR PRIMARY LANGUAGE (specify)
English

YOUR AGE:    34

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
___ AIDS
___ Blood/Circulation
___ Brain/Nerves/Muscles
___ Digestive/Urinary/Reproduction
___ Hearing
___ Heart
___ Limbs (Arms/Legs)
___ Mental
___ Sight
___ Speech/Respiratory
___ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
___ Cohabitation
___ Divorced
___ Married
___ Single

IF FILING BECAUSE OF RELIGION YOUR RELIGION: (specify)

IF FILING BECAUSE OF SEX, THE REASON:
_X_ Harassment
___ Orientation
_X_ Pregnancy
___ Denied Right to Wear Pants
___ Other Allegations (list)

YOUR GENDER:   _X_ Female  ___ Male

YOUR OCCUPATION:
___ Clerical
___ Craft
___ Equipment Operator
___ Laborer
___ Manager
___ Paraprofessional
___ Professional
_X_ Sales
___ Service
___ Supervisor
___ Technician

HOW YOU HEARD ABOUT DFEH
_X_ Attorney
___ Bus/BART Advertisement
___ Community Organization
___ EEOC
___ EDD
___ Friend
___ Human Relations Commission
___ Labor Standards Enforcement
___ Local Government Agency
___ Poster
___ Prior Contact with DFEH
___ Radio
___ Telephone Book
___ TV
___ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

_X_ Yes        ___ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Katrina Anne Foley
c/of LENTS & FOLEY, LLP
1600 Dove Street, Suite 101
Newport Beach, CA 92660
foley@lentsfoley.com
(949) 756-5258

_____
Your Signature                    Date

DFEH-300-03-1 (01/05)
Department of Fair Employment and Housing
State of California

**EXHIBIT 2**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRANSCONTINENTAL DIRECT U.S.A., INC.; PACIFIC
COMMUNICATION CONCEPTS, LLC dba TRANSCONTINENTAL
DIRECT U.S.A., INC. and DOES 1-50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STACI MARTIN

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL F...

JUN 19 2009

LOS ANGELES
SUPERIOR COURT

---

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court - Southeast District
12720 Norwalk Boulevard, Norwalk, CA 90650

CASE NUMBER
*(Número del Caso):*   VC053851

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Teal W. Anderson, Esq., The Foley Group  (949) 502-8800
1600 Dove Street, Suite 101, Newport Beach, CA 92660

DATE:   JUN 19 2009   JUN 19 20            Clerk, by    A. CLARKE    , Deputy
*(Fecha)*                                  *(Secretario)*            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify):

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Teal W. Anderson, Esq.<br>The Foley Group<br>1600 Dove Street, Suite 101<br>Newport Beach, CA 92660<br>TELEPHONE NO.: 949-502-8800    FAX NO.: 949-502-8801<br>ATTORNEY FOR (Name): Plaintiff STACI MARTIN | **ORIGINAL FILED**<br><br>JUN 19 2009<br><br>LOS ANGELES<br>SUPERIOR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 12720 Norwalk Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Norwalk 90650
BRANCH NAME: Southeast District - Norwalk

CASE NAME:
Staci Martin v. Transcontinental Direct U.S.A., Inc. et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | VC 053831 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 6/19/09

Teal W. Anderson
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (non-tort/non-complex)
    Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

VT053851

| SHORT TITLE: | CASE NUMBER |
| MARTIN v. TRANSCONTINENTAL DIRECT U.S.A., INC. et al. | |

ORIGINAL FILED

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

LOS ANGELES SUPERIOR COURT

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case.

JURY TRIAL? ☑ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 5-7  ☐ HOURS/ ☑ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage). |
| 3. Location where cause of action arose. |
| 4. Location where bodily injury, death or damage occurred. |
| 5. Location where performance required or defendant resides. |
| 6. Location of property or permanently garaged vehicle. |
| 7. Location where petitioner resides. |
| 8. Location wherein defendant/respondent functions wholly. |
| 9. Location where one or more of the parties reside. |
| 10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort  (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MARTIN v. TRANSCONTINENTAL DIRECT U.S.A., INC. et al. | |

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | Professional Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MARTIN v. TRANSCONTINENTAL DIRECT U.S.A., INC. et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>MARTIN v. TRANSCONTINENTAL DIRECT U.S.A., INC. et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>TRANSCONTINENTAL DIRECT LOS ANGELES<br>7300 Flores Street<br>Downey, CA  90242-4010 |
|---|---|
| CITY:<br>Downey | STATE:<br>CA | ZIP CODE:<br>90242-4010 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ____Downey____ courthouse in the ____Southeast____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 6/19/09

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES
### NORWALK SUPERIOR COURT

COURTHOUSE ADDRESS: **12720 NORWALK BLVD.**
**NORWALK, CA 90650**

PLAINTIFF: *Staci Martin*

DEFENDANT: *Transcontinetal Direct*

**NOTICE OF CASE MANAGEMENT CONFERENCE**

### ORIGINAL FILED

Reserved for Clerk's File Stamp

JUN 19 2009

**LOS ANGELES
SUPERIOR COURT**

CASE NUMBER:
**VC053851**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: **OCT 27 2009**   Time: **1:30 pm**   Dept.: **"F"**

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: **JUN 19 2009**

Judicial Officer   **Judge Brian F. Gasdia**

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒ by personally giving the party notice upon filing of the complaint.

Dated: **JUN 19 2009**

JOHN A. CLARKE, Executive/Officer Clerk

By _____   **A. Heras**

Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven



# The Superior Court

12720 NORWALK BOULEVARD
NORWALK, CALIFORNIA 90650
CHAMBERS OF
BRIAN F. GASDIA
SUPERVISING JUDGE

TELEPHONE
(562) 807-7241

## TO ATTORNEY OF RECORD

Your case has been assigned to the Master Calendar Trial Delay Reduction Program in Superior Court of California, County of Los Angeles, Southeast District. It is your responsibility as an attorney to immediately familiarize yourself with the detailed provisions of the California Rules of Court re: Civil Case Management Rules effective July 1, 2002, and Chapter 7 of the Los Angeles County Superior Court Rules. A reading of this notice does not relieve you of the responsibility to become intimately familiar with the requirements of these rules. The following critical provisions are summarized for your assistance in avoiding immediate and severe rule violations.

## APPLICATION

The California Rules of Court re: Civil Case Management and Chapter 7 of Los Angeles County Superior Court Rules apply to all civil cases filed in or transferred into the Southeast District after July 1, 2002.

## TIME STANDARDS AND SERVICE OF ADR PACKAGE

Please refer to the NOTICE TO LITIGANTS which is attached for your convenience for information regarding new California Rules of Court that took effect July 1, 2002.

## CASE MANAGEMENT CONFERENCE

Notice of the Case Management Conference shall be served by the Clerk on the plaintiff upon the filing of the complaint. The Case Management Conference shall be held on the first available court day following 150 days after the complaint is filed. Plaintiff shall serve Notice of Case Management Conference with the Summons and Complaint or, if already served, within **10 days** of service of this notice or, if not a served party, when the party appears in the action. Failure of the plaintiff to give complete and immediate notice which causes delay or continuance will result in sanctions.

No later than 15 calendar days before the date set for the Case Management Conference, each party (individually or jointly) must file a Case Management Conference Statement using the mandatory Judicial Council form No. CM-110. Failure to comply with said rules may result in the imposition of sanctions,

- 2 -

.......continued

## FINAL STATUS CONFERENCE

The Final Status Conference shall be set **ten days prior to the trial date.** All attorneys and parties in propria persona must appear at the Conference.   Trial documents, as described in the Case Management Order are to be filed 5 days prior to the Final Status Conference.


## SANCTIONS

The Court will impose appropriate sanctions for the failure or refusal: (1) To comply with Master Calendar Rules;  (2) To comply with any Order made hereunder; or (3) To meet the time standards and/or deadlines established herein.  Such sanctions may include: (1) Dismissal of the Action;  (2) Striking of a responsive pleading and entry of default; (3) Vacating a trial date with the possible consequence of dismissal under Code of Civil Procedures Sections 583.360 or 583.420;  (4) Evidentiary and witness limitations, restrictions or exclusions;  (5) Reasonable monetary sanctions; and/or (6) Other reasonable sanctions as authorized by Code of Civil Procedure Sections 128, 128.5, 177.5, 575.2, 583.150, 583.430, 2016-2036, Government Code Section 68609(d) and California Rules of Court 227.  Such sanctions may be imposed on a party and/or if appropriate, on counsel for such party.

Brian F. Gasdia
Supervising Judge
Southeast District

# NOTICE TO LITIGANTS
# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## INFORMATION REGARDING CALIFORNIA RULES OF COURT

This brief synopsis is provided to inform litigants, attorneys, and the general public of California Rules of Court which affect the processing and filing of limited and unlimited civil cases (with the exception of Unlawful Detainers, Small Claim actions, complex civil cases, probate, guardianship, conservatorship, family law, juvenile court proceedings, and short cause cases).

The full extent of these changes can be found in the California Rules of Court booklet.

**RULE 3.110  (Re Time for Service of Complaint, Cross-Complaint and Response)**
Complaints are to be served and proofs of service filed with the court <u>within 60 days after filing of the complaint</u>.

On amended complaints, the added defendant must be served and proof of service must be filed <u>within 30 days after filing of the complaint</u>.

A Cross-Complaint against a party who has already appeared in the action, <u>must be accompanied by proof of service of the cross-complaint at the time it is filed</u>.

The plaintiff <u>within 10 days</u> after the time for response has elapsed must file a Request for Entry of Default and must obtain a default judgment <u>within 45 days</u> after entry of default.

**RULE 3.220  (Re Case Cover Sheet)**
Required <u>in each</u> civil limited or unlimited action.

**RULE 3.221  (Re Information about Alternative Dispute Resolution)**
Plaintiffs will be provided an Alternative Dispute Resolution (ADR) package at time of filing the complaint and <u>must serve</u> a copy of said package on each defendant.

**RULE 3.722  (Re Case Management Conference; Rule 3.724 (Meet and Confer Requirement; and Rule 3.728  Case Management Order)**
A Case Management Review/Conference must be completed no later than 180 days from filing of the complaint.  The Los Angeles Superior Court will set said review/conference date 140 to 160 days from filing of the complaint.  Individual courts may set additional earlier status conferences.

Notice of the Case Management Review/Conference will be given to all parties <u>no later than 45 days</u> before the review/conference date.  If the court determines that appearances are not necessary at the Case Management Review/Conference, the court may issue a Case Management Order and notify the parties that no appearance is necessary.  <u>No later than 15 calendar days</u> before the date set for the Case Management Review/Conference, each party (individually or jointly) must file a Case Management Conference Statement using the mandatory Judicial Council Form No. CM-110.

Parties <u>must meet and confer</u> to consider case issues no later than 30 calendar days before the date set for the Case Management Review/Conference. The court will issue a Case Management Order setting a schedule for subsequent proceedings, if necessary.

A.   **Service:** Except as otherwise permitted by court order, within 60 days after filing the complaint, the plaintiff must 1) serve each defendant with the complaint, and the **Alternative Dispute Resolution Packet**; and 2) file a corresponding proof of service. When filing a cross-complaint or amended pleading, the pleading party must also file a proof of service on all of the parties who previously appeared and, within 30 days, a) serve each new party with the pleading, and the **ADR packet**, and b) file a corresponding proof of service.

B.   **Rules and Forms:** All parties must abide by the state and local rules of court and use proper state and local forms.

C.   **All Case Management Conferences (CMC):** Parties must meet and confer, in person or by telephone, no later than 30 calendar days before the CMC. Parties must file a completed Case Management Statement either individually or jointly, no later than 15 calendar days before the CMC. Counsel for each party and each self-represented party must appear at the CMC.

D.   **ADR:** You may contact the ADR Office for a list of ADR providers, their qualifications and services.

E.   **Sanctions:** Parties and counsel who fail to comply with state or local rules of court will be subject to the imposition of sanctions. [CRC Rule 2.30]

### Sample Civil Case Time Schedule

| Day | Event | Comment |
|-----|-------|---------|
| 1 | Complaint filed with Case Cover Sheet | Notice of Case Assignment issued by clerk and ADR materials provided. |
| 60 | Proof(s) of service filed with the court | Plaintiff must file the proof(s) of service or OSC may be set. |
| 70 | Plaintiff request entry of default of defendant. | Entry of default processed. |
| 110 | Parties to meet and confer. | Issues resolved. |
| 115 | Plaintiff Request Default Judgment | Default Judgment entered. |
| 125 | Deadline to File Case Management | Parties to file individually or jointly. |
| 140 | Case Management Review or Conference. | Hearing held, if necessary, orders made. |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
## [CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all random select volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

---

## THIS IS A TWO-SIDED DOCUMENT.

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.



**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)**

**THIS IS A TWO-SIDED DOCUMENT.**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

---

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

☐ **Additional signature(s) on reverse**

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

**EXHIBIT 3**

1    MORGAN, LEWIS & BOCKIUS LLP
    JOHN S. BATTENFELD, SBN 119513
2    ALBERT Y. HUANG, SBN 193005
    300 South Grand Avenue
3    Twenty-Second Floor
    Los Angeles, CA 90071-3132
4    Tel: 213.612.2500
    Fax: 213.612.2501

5

6    Attorneys for Defendant TRANSCONTINENTAL
    DIRECT U.S.A. INC.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES

10              SOUTHEAST DISTRICT

11

ORIGINAL FILED

JUL 2 7 2009

NORWALK
SUPERIOR COURT

| | |
|---|---|
| 12   STACI MARTIN, | Case No. VC053851 |
| 13         Plaintiff, | **DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S ANSWER TO PLAINTIFF STACI MARTIN'S COMPLAINT** |
| 14         vs. | |
| 15   TRANSCONTINENTAL DIRECT U.S.A., INC., PACIFIC COMMUNICATION CONCEPTS, LLC dba | |
| 16   TRANSCONTINENTAL DIRECT U.S.A., INC. and DOES 1-50, Inclusive, | Date Filed:  June 19, 2009<br>Trial Date:  None Set |
| 17 | |
| 18         Defendants. | |

19

20

21

22

23

24

25

26

27

28

DB2/21246059.2

**DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S ANSWER TO PLAINTIFF STACI MARTIN'S COMPLAINT**

1    Defendant Transcontinental Direct U.S.A. Inc. ("Defendant"), for itself and no other

2    defendant, answers the unverified Complaint ("Complaint") in this action as follows:

3                                  **GENERAL DENIAL**

4        Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies

5    generally and specifically, each and every allegation in the unverified Complaint, and further

6    denies that Plaintiff has been injured in the amount or manner alleged or in any other amount or

7    manner.

8                                     **DEFENSES**

9        Defendant asserts the following defenses and prays for judgment as set forth below:

10                                  **First Defense**

11                        **(Failure to State a Cause of Action)**

12       1.      Plaintiff's Complaint, and each claim contained therein, fails to state facts

13   sufficient to constitute a cause of action upon which relief can be granted.

14                                 **Second Defense**

15                             **(Statute of Limitations)**

16       2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

17   limitations, including, but not limited to, California Government Code Sections 12960 and

18   12965(b) and California Code of Civil Procedure Sections 335.1, 337, and 339.

19                                  **Third Defense**

20                   **(Failure to Exhaust Administrative Remedies)**

21       3.      Plaintiff's claims brought under the California Fair Employment and Housing Act

22   ("FEHA"), California Government Code Section 12900 *et seq.*, are barred, in whole or in part, to

23   the extent that Plaintiff failed to timely exhaust her administrative remedies and the prerequisites

24   to filing suit.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21246059.2

**DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S ANSWER TO PLAINTIFF STACI MARTIN'S COMPLAINT**

1

**Fourth Defense**

2

**(Exceeds Scope of Administrative Charge)**

3        4.      Plaintiff's claims brought under FEHA are barred, in whole or in part, to the extent

4   that Plaintiff's allegations exceed the scope of any administrative charge that she may have filed

5   with the Department of Fair Employment and Housing.

6

**Fifth Defense**

7

**(Failure to Exhaust Internal Grievance Procedures)**

8        5.      Plaintiff's nonstatutory claims are barred, in whole or in part, to the extent that she

9   failed to exhaust internal grievance procedures before filing suit.

10

**Sixth Defense**

11

**(Interactive Process Not Initiated By Plaintiff)**

12        6.      Plaintiff failed to notify Defendant of any alleged disability and failed to initiate an

13   interactive process to identify a reasonable accommodation that would not cause an undue

14   hardship on the operation of Defendant's business.

15

**Seventh Defense**

16

**(Defendant's Good Faith Engagement In Interactive Process)**

17        7.      Defendant engaged in a good faith interactive process to identify and make a

18   reasonable accommodation of any alleged disability of Plaintiff that would not cause an undue

19   hardship on the operation of Defendant's business.

20

**Eighth Defense**

21

**(Requested Accommodation Unreasonable)**

22        8.      To the extent that Plaintiff requested any accommodation beyond that which

23   Defendant provided, such request was unreasonable and would have caused Defendant an undue

24   hardship.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21246059.2

3

**DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S ANSWER TO PLAINTIFF STACI MARTIN'S
COMPLAINT**

**Ninth Defense**

**(Inability to Perform Essential Functions)**

9.　　To the extent that Plaintiff had a disability under FEHA, Plaintiff could not perform the essential functions of her position, even with a reasonable accommodation.

**Tenth Defense**

**(After-Acquired Evidence)**

10.　　To the extent Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation, which wrongdoing would have resulted in Plaintiff being terminated, such after-acquired evidence shall bar and/or limit the amount of damages Plaintiff can recover on her claims, assuming *arguendo*, she is able to establish liability.

**Eleventh Defense**

**(At-Will Employment)**

11.　　Plaintiff's contract-based claims are barred because Plaintiff was an at-will employee whose employment could be terminated at any time without cause or notice.

**Twelfth Defense**

**(Failure to Mitigate Damages)**

12.　　Plaintiff's claims are barred, in whole or in part, because she failed to take reasonable measures to mitigate damages, if any.

**Thirteenth Defense**

**(No Basis for Award of Punitive Damages)**

13.　　Plaintiff fails to state facts sufficient to state a claim for which punitive damages might be granted.

**Fourteenth Defense**

**(Punitive Damages Unconstitutional)**

14.　　An award of punitive damages would amount to an unconstitutional denial of Defendant's right to due process and/or equal protection under the Eighth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21246059.2

4

DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S ANSWER TO PLAINTIFF STACI MARTIN'S COMPLAINT

**Fifteenth Defense**

**(Worker's Compensation Preemption)**

15.     To the extent Plaintiff seeks recovery for alleged physical and/or emotional injury based on alleged employment or termination-related conduct which neither contravenes fundamental California public policy nor exceeds the risks inherent in the employment relationship (nor violates a California statute providing recovery for emotional distress), such recovery is barred by California Labor Code Sections 3601 and 3602, which provide that the exclusive remedy for these alleged injuries is an action or a claim under the Workers' Compensation Act.

**Sixteenth Defense**

**(Estoppel)**

16.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**Seventeenth Defense**

**(Unclean Hands)**

17.     Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**Eighteenth Defense**

**(Laches)**

18.     Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**Nineteenth Defense**

**(Waiver)**

19.     Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**Twentieth Defense**

**(Justification and/or Privilege)**

20.     Plaintiff's claims are barred in whole or in part because Defendant's actions and/or omissions were justified and/or privileged.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21246059.2

5

DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S ANSWER TO PLAINTIFF STACI MARTIN'S
COMPLAINT

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.    That Plaintiff take nothing by this action;

3    2.    That judgment be entered against Plaintiff and for Defendant;

4    3.    That Defendant be awarded its costs and attorneys' fees; and

5    4.    That this Court order such other relief as it deems proper.

7    Dated: July 27, 2009        MORGAN, LEWIS & BOCKIUS LLP
8                      JOHN S. BATTENFELD
                       ALBERT HUANG

10    By _____

11          Albert Huang
            Attorneys for Defendant
12       TRANSCONTINENTAL DIRECT U.S.A. INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21246059.2                 6

DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S ANSWER TO PLAINTIFF STACI MARTIN'S
COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On July 27, 2009, I served the within documents:

**DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S ANSWER TO PLAINTIFF STACI MARTIN'S COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

Katrina Anne Foley
Teal W. Anderson
The Foley Group, PLC
1600 Dove Street, Suite 101
Newport Beach, CA 92660
Tel: 949.502.8800
Fax: 949.502.8801

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 27, 2009, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

_____
TRISHA ROSE ELEGINO

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21246059.2

PROOF OF SERVICE

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On July 27, 2009, I served the within documents:

**DEFENDANT TRANSCONTINENTAL DIRECT U.S.A. INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

Katrina Anne Foley
Teal W. Anderson
The Foley Group, PLC
1600 Dove Street, Suite 101
Newport Beach, CA 92660
Tel: 949.502.8800
Fax: 949.502.8801

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 27, 2009, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

_Caridad F. Frutos_

CARIDAD F. FRUTOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21245943.1

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 5469 MRP (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS  (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| STACI MARTIN | TRANSCONTINENTAL DIRECT U.S.A., INC., PACIFIC COMMUNICATION CONCEPTS, LLC dba TRANSCONTINENTAL DIRECT U.S.A., INC. et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Katrina Anne Foley<br>Teal W. Anderson<br>The Foley Group, PLC<br>1600 Dove Street, Suite 101<br>Newport Beach, CA  92660<br>Tel:  949-502-8800 | (for Defendant Transcontinental Direct USA Inc.)<br>Morgan Lewis & Bockius LLP<br>John S. Battenfeld<br>Albert Huang<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA, 90071; Tel: 213-612-2500 |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No        **MONEY DEMANDED IN COMPLAINT:** $ in excess of $75,000

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332, 1441, and 1446
Gender and disability discrimination, breach of contract, wrongful termination

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | CV09-05469 | Page 1 of 2 |
|---|---|---|---|
| | | | CCD-JS44 |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] No   [ ] Yes

If yes, list case number(s):

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | PENNSYLVANIA, DELAWARE |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER):   _Albert Hoy_   Date   **7/27/09**

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. On July 27, 2009, I served the within documents:

**CIVIL COVER SHEET**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

Katrina Anne Foley
Teal W. Anderson
The Foley Group, PLC
1600 Dove Street, Suite 101
Newport Beach, CA 92660
Tel: 949.502.8800
Fax: 949.502.8801

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 27, 2009, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

CARIDAD F. FRUTOS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21245943.1

PROOF OF SERVICE